FILED
OCT 29 2018
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CHRISTIE EASTER,

    Petitioner,

v.                                       CRIMINAL ACTION NO. 4:16cr49

UNITED STATES OF AMERICA,

    Respondent.

*MEMORANDUM OPINION & ORDER*

Before the Court is the *pro se* motion of Christie Ann Easter ("Petitioner") to Vacate, Set Aside, or Correct a Sentence Previously Imposed, pursuant to 28 U.S.C. § 2255. ("§ 2255 Motion"). Having thoroughly reviewed the motions, files, and records in this case, the Court finds that no hearing is necessary to address Petitioner's motion. For the reasons set forth below, Petitioner's § 2255 motion is **DENIED**.

I. FACTUAL AND PROCEDURAL HISTORY

On March 6, 2017, Petitioner Christie Easter pled guilty to counts one and thirty-nine of the superseding indictment charging Petitioner with conspiracy to commit mail fraud, bank fraud, and wire fraud, in violation of 18 U.S.C. § 1349, and aggravated identity theft, in violation of Title 18 U.S.C. § 1028A. On June 26, 2017, Petitioner was sentenced to consecutive prison terms of 106 months on count one and 24 months on count thirty-nine. On July 2, 2018, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255 on three grounds: (1) Petitioner alleges her cooperation with the government warranted a reduction in sentence pursuant to the Plea Agreement signed by both parties; (2) Petitioner was assessed an improper enhancement due to false information within

1

her Presentence Investigation Report ("PSR"); (3) Petitioner received ineffective assistance from defense counsel. The United States responded to Petitioner's Motion to Vacate on September 25, 2018 asserting: (1) the Plea Agreement created no obligation to request a downward departure on behalf of the Defendant; (2) Petitioner's PSR appropriately allotted enhancement points due to Petitioner's criminal history; (3) Petitioner received effective assistance from Counsel. This matter has been fully briefed and is now ripe for judicial determination.

## II. LEGAL STANDARD

### A. Title 28 U.S.C. § 2255 generally

Title 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546 (4th Cir. 1958); *Vanater v. Boles*, 377 F.2d 898, 900 (4th Cir. 1967). In deciding a § 2255 motion, the Court need not hold a hearing if "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Furthermore, if the motion is brought before the judge that presided over the conviction, the judge may rely upon recollections of previous events. *Blackledge v. Allison*, 431 U.S. 63, 74 n. 4 (1977); *Carvell v. United States*, 173 F.2d 348, 348-49 (1949) (stating it is highly desirable that § 2255 motions "be passed on by the judge who is familiar with the facts and

2

circumstances surrounding the trial, and is consequently not likely to be misled by false allegations as to what occurred").

The burden upon a petitioner collaterally attacking his sentence under § 2255 is a "significantly higher hurdle than would exist on direct appeal." *Id.* at 166. Petitioner must "shoulder the burden" of showing that the trial errors not only created a possibility of prejudice but infected the entire proceeding to his actual and substantial disadvantage. *United States v. Frady*, 456 U.S. 152, 170 (1982). Therefore, to obtain relief, a petitioner must meet the two part "cause and actual prejudice" test. *Id.* at 167-68. Under that test, "[t]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Id.* at 168. If the petitioner fails to meet the "actual prejudice" prong of the test, the Court need not address whether the petitioner has shown cause. *Id.* at 168.

**B. Ineffective Assistance of Counsel**

A petitioner must satisfy two factors to establish ineffective assistance of counsel: "(1) that [counsel]'s performance fell below an objective standard of reasonableness, and (2) that [petitioner] was prejudiced by the deficiency because it created a reasonable probability that but for counsel's errors, the result of the proceeding would have been different." *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994) (citing *Smith v. Smith*, 931 F.2d 242, 244 (4th Cir. 1991)); *see also Strickland v. Washington*, 466 U.S. 668, 693 (1984). "A reasonable probability is one that is sufficient to undermine confidence in the outcome." *Hoyle*, 33 F.3d at 418.

Whether before, during, or after trial, when the Sixth Amendment applies, the formulation of the standard is the same: reasonable competence in representing the accused. *Strickland*, 466

3

U.S. at 688-89. In applying and defining this standard, substantial deference must be accorded to counsel's judgment. *Id.* at 689. If petitioner makes an insufficient showing on one prong, there is no reason for a court deciding an ineffective assistance claim to address both components of the inquiry. *Id.* at 697. The court is not required to begin with an analysis of the first prong of *Strickland* because "a court need not approach the inquiry in the same order," and "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*

To demonstrate deficient representation, petitioner must show "that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. A petitioner must overcome a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance under the circumstances. *Id.* at 689. Also, a petitioner bears the burden of proving prejudice. *Fields v. Attorney Gen. of the State of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992). To demonstrate prejudice, a petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.*

### C. Section 2255 Hearing Requirement

When deciding a § 2255 motion, the court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Ineffective assistance of

counsel claims, however, should generally be raised in a collateral motion instead of on direct appeal. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999).

**D. *Pro se* standard**

A *pro se* petitioner is entitled to have her petition and asserted issues construed liberally. *Pro se* petitioners are held to a less stringent standard than attorneys drafting such complaints. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978). Accordingly, the Court has interpreted the allegations and facts as reasonably as possible.

### III. DISCUSSION

Petitioner argues in her Motion to Vacate that she is entitled to a lesser sentenced than the one imposed on June 26, 2017 due to: (1) the cooperation clause of her Plea Agreement, (2) an improper enhancement caused by false information within Petitioner's Presentence Investigation Report ("PSR"), and (3) ineffective assistance of counsel.

**A. Petitioner's cooperation and its effect on downward departure**

Relying on her Plea Agreement, Petitioner argues that paragraphs 11 and 15 of the agreement obligated the United States to make the court aware of Petitioner's cooperation by way of a motion or "any reference to the same." ECF No. 269 at 3-4. Petitioner also argues that because the United States did not bring Petitioner's cooperation to the attention of the Court, Petitioner is entitled to a new sentencing hearing. Contrary to Petitioner's contention, the United States was under no obligation to make any motion for downward departure. Paragraph 15 of the Plea Agreement explicitly states,

> "The parties agree that the United States reserves the right to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statements, or any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, if, in its sole discretion, the United

> States determines that such a departure or reduction of sentence is appropriate."

ECF No. 96 at 8. The language of the agreement clearly gives way to prosecutorial discretion regarding a motion for reduction of sentence. Furthermore, the Court cannot require the United States to seek downward departure and there are a limited set of circumstances under which the Court would even evaluate the Government's decision not to seek downward departure, none of which apply to Petitioner's case. *See Wade v. United States*, 504 U.S. 181, 185 (1992).

Although Petitioner does not specifically mention the Acceptance of Responsibility points typically associated with a Defendant's cooperation with the Government, a liberal construction of Petitioner's argument suggests Petitioner would have liked to benefit from a two point decrease in her offense level for acceptance of responsibility in addition to a one point decrease for providing assistance to the authorities by timely notifying the government of her intention to enter a plea of guilty. There were two PSRs drafted for the Petitioner and both were filed with this Court on May 1, 2017 and May 30, 2017 respectively. *See* ECF Nos. 120 and 124. The first PSR recommended all three Acceptance of Responsibility points to Petitioner creating a Total Offense Level of 26. The second PSR did not reference any Acceptance of Responsibility points and resulting in a Total Offense Level of 29 which increased Petitioner's sentencing guideline range from 78 to 96 months to 108 to 136 months. As documented in the Unresolved Objections section of the second PSR,

> "Defense counsel objects to the defendant not receiving a three-level reduction for acceptance of responsibility. The probation officer notes that the defendant tested positive for methamphetamine on occasions since her guilty plea. When confronted about the positive tests, she admitted to using methamphetamine over a 2-week period. As a result, it does not appear that she has withdrawn from criminal conduct. Therefore, no changes have been made to the presentence report and this is an

6

issue which the Court will have to resolve with a Finding of Fact."

ECF No. 124 at 26. At sentencing, the Court heard argument from both parties regarding the objection and the Court was made aware of Petitioner's cooperation with the government. ECF No. 237 at 3-10. Cooperation, however, is not the only factor considered when evaluating Acceptance of Responsibility points. The Court also considered that Petitioner not only tested positive for methamphetamines, which was a violation of her supervised release, but Petitioner continued to engage in fraud after being charged with the offense. ECF No. 237 at 10. Taking all the relevant facts into consideration, the Court reasoned Petitioner was not a good candidate for acceptance of responsibility and the Court accepted the PSR without changes. ECF Nos. 237 at 10 and 164 at 1. So even though the Prosecution did not request a downward departure due to Petitioner's cooperation throughout her case, the Court found such cooperation outweighed by additional factors when determining whether Petitioner should receive any Acceptance of Responsibility points.

**B. Petitioner's PSR and the criminal history therein**

Petitioner alleges an improper calculation of her criminal history category caused by the inclusion of one count of Possession of Controlled Substance of Less Than One Gram, Namely: Methamphetamine, an offense for which she claims she was neither charged nor arrested. According to the Tarrant County District Clerk Background Search, Petitioner was arrested and charged for the offense on August 17, 2018 and sentenced to two days in Tarrant County Jail on April 3, 2017. ECF No. 269-1 at 4. Petitioner does not proffer any evidence of mistake or error on the part of the Tarrant County District Clerk's office to negate inclusion of this offense within her criminal history. Therefore, a criminal history calculation inclusive of Petitioner's possession

7

of methamphetamine conviction was proper.

## C. Ineffective assistance of counsel

Lastly, Petitioner alleges a Sixth Amendment violation for ineffective assistance of counsel. Petitioner argues that Counsel (1) failed to investigate and object to false information provided in the PSR, (2) failed to object to the use of Petitioner's criminal history to determine sentencing, and (3) was so unorganized that Petitioner's Due Process Rights were violated because Petitioner was deprived of a fair plea agreement. To grant Petitioner a hearing on these claims, Petitioner must demonstrate that (1) counsel's performance was objectively unreasonable and (2) that petitioner was prejudiced by couselor's deficiency. *Strickland v. Washington*, 466 U.S. 668, 693 (1984).

Regarding Petitioner's first allegation that counsel failed to investigate or object to false information in the PSR, Petitioner does not specify what information she perceived to be false. However, if Petitioner is referring to the methamphetamine conviction previously mentioned, Petitioner does not present evidence to corroborate false information within the final PSR adopted by the Court. In her defense of petitioner, counsel made several objections to the initial and revised PSRs to ensure inclusion of proper and factual information. Two of counsel's objections were resolved by the probation officer and one resolved by the Court in the beginning of Petitioner's sentencing hearing for which Petitioner was present. Because counsel made reasonable objections in defense of Petitioner and because it is unreasonable for a counselor to object to true information, Petitioner does not meet the first prong of *Strickland*. Even if counsel failed to object to what Petitioner believes is false information, Petitioner must prove that counsel's mistake prejudiced her in some way. In the absence of evidence to negate the information provided within the PSR, counsel's failure to investigate or object did not prejudice

Petitioner. Consequently, Petitioner cannot satisfy the second prong of the *Strickland* standard either.

Regarding the use of Petitioner's criminal history as a factor to determine an appropriate sentence, Congress mandates a defendant's Presentence Report must "calculate the defendant's offense level and criminal history category". USCS Fed Rules Crim Proc R 32(d)(1)(b). Consequently, Petitioner was not entitled to the exclusion of her criminal history to calculate an appropriate sentence and therefore her counsel could not be expected to object to the criminal history calculation.

Lastly, Petitioner argues counsel was so unorganized that her errors deprived Petitioner of a fair plea agreement. Once again, Petitioner proffers no evidence to substantiate this claim. In her affidavit, counsel stated she travelled to Petitioner's home in Fort Worth, Texas on two occasions during her representation of Petitioner and exchanged correspondence via email and telephone approximately fifty-seven times while representing Petitioner. ECF No. 284 at 3-4. Additionally, counsel raised several objections on behalf of Petitioner which suggests counsel carried out a more than sufficient defense for her client. With a lack of evidence to suggest the contrary, and in reliance upon the affidavit defense counsel supplied, it is the Court's opinion that Petitioner received adequate assistance from her defense counsel.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 is **DENIED.** Petitioner has not supplied sufficient factual allegations to support any of the grounds asserted for § 2255 relief. Based on the facts supplied by Petitioner, the Government did not breach the terms of the plea agreement and the PSR contained a valid account of Petitioner's past criminal conduct. As to the ineffective assistance claim, the facts do not show that defense

counsel's performance was either deficient or prejudicial.

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability, which may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's habeas petition on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see also Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Petitioner does not satisfy this standard; accordingly, the Court **DENIES** a certificate of appealability. Although Petitioner may not appeal the denial of her § 2255 Motion without a certificate of appealability, the Court **ADVISES** Petitioner that she may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States Court of Appeals for the Fourth Circuit.

The Court **DIRECTS** the Clerk to make available a copy of this Order to Petitioner and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 8000, 101 West Main Street, Norfolk, Virginia 23510.

**IT IS SO ORDERED.**

Raymond A. Jackson
United States District Judge

Norfolk, Virginia
October 26, 2018