**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

CHRISTIE EASTER,

   Petitioner,

  v.           CRIMINAL ACTION NO. 4:16-cr-49(7)

UNITED STATES OF AMERICA,

   Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Christie Easter's ("Petitioner") Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 341. The Government opposed the motion, and Petitioner filed a reply. ECF Nos. 352–353. Having been fully briefed, this matter is now ripe for judicial determination.

**I. FACTUAL AND PROCEDURAL HISTORY**

From 2012 until 2015, Petitioner and her co-conspirators were involved in a large-scale fraud scheme that targeted various individuals and financial institutions throughout the United States. ECF No. 97. As part of the fraudulent scheme, Petitioner and her co-conspirators obtained funds through fraudulent means by recruiting individuals to use their own bank accounts to negotiate counterfeit financial instruments such as counterfeit cashier's checks and counterfeit postal money orders. *Id.* at 2. On August 9, 2016, Petitioner and her co-conspirators were named in a 43-count superseding indictment. ECF No. 9.

On March 6, 2017, Petitioner pleaded guilty to Conspiracy to Commit Mail, Bank, and Wire Fraud, in violation of 18 U.S.C. § 1349, and Aggravated Identify Theft, in violation of 18

1

U.S.C. § 1028A. ECF Nos. 95–97. While awaiting sentencing, Petitioner violated the conditions of her pretrial release by testing positive for methamphetamine on multiple occasions and shoplifting. ECF Nos. 100, 130–131; *see also* ECF No. 351 at 1. On June 26, 2017, this Court sentenced Petitioner to a total of 130 months' imprisonment and five years of supervised release. ECF Nos. 160, 163. This Court also ordered Petitioner to pay $1,294,034.52 in restitution. ECF Nos. 161–163.

Petitioner, age 50, has been incarcerated since or about June 7, 2017. She is currently serving her sentence at FCI Hazelton located in Bruceton Mills, West Virginia. ECF No. 341. While in prison, Petitioner has incurred multiple disciplinary infractions which includes disruptive conduct, two incidents of possessing a non-hazardous tool, fighting, and exchanging money for contraband. *See* ECF No. 351. She has completed several educational courses and is currently enrolled in a 500-hour Residential Drug Abuse Program. ECF No. 341 at 3–4; ECF No. 351. She has also maintained several job assignments. ECF No. 351. Petitioner's projected date of release is November 28, 2026.[1]

On May 11, 2020, Petitioner made a written request for compassionate release to the Warden at FCI Hazelton. *See* ECF No. 341 at 4–5. In her request, Petitioner noted that her diabetes put her at risk for serious illness if she contracts COVID-19. *Id.*; ECF No. 352-2. On May 18, 2020, the BOP denied Petitioner's request. *See* ECF No. 352 at 7.

On May 18, 2020, Petitioner filed a motion for compassionate release based on the current COVID-19 pandemic.[2] ECF No. 341. In support of her motion, Petitioner expressed concerns that her underlying health conditions with Type II Diabetes, high blood pressure, high cholesterol, and

---

[1] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results
[2] Petitioner filed a *pro se* letter motion to modify her sentence on April 24, 2020. ECF No. 337. This Court appointed a Federal Public Defender to represent Petitioner on May 1, 2020. ECF No. 338.

hypothyroidism put her at grave risk for severe illness if she contracts COVID-19. *Id.* Petitioner

also indicates that she suffered a major heart attack in 2008 when she was 38 years old. [3] *Id.*

Petitioner requests that this Court grant her compassionate release and allow her to serve the rest

of her sentence on home confinement. *Id.* In the alternative, Petitioner requests that this Court issue

a non-binding recommendation that the BOP transfer her to home confinement for the duration of

her sentence. *Id.*

The Government opposed Petitioner's motion on June 2, 2020. ECF No. 352. On June 8,

2020, Petitioner filed a reply. ECF No. 353. Petitioner's medical records are filed under seal. ECF

Nos. 344, 346.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A petitioner may bring a motion to modify his or her sentence "after the defendant has fully

exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a

motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly,

a petitioner seeking compassionate release is generally required to exhaust his or her administrative

remedies prior to bringing a motion before the district court. *Id.* However, the exhaustion

requirement may be waived under the following circumstances: (1) the relief sought would be

futile upon exhaustion; (2) exhaustion via the agency review process would result in inadequate

relief; or (3) pursuit of agency review would subject the petitioner to undue prejudice. *United*

*States v. Zukerman*, 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020) *citing Washington v. Barr*,

---

[3] The Government questions whether Petitioner had a heart attack or suffers from high blood pressure because these conditions are neither indicated in the PSR nor in BOP documents. ECF No. 352 at 6–7. BOP records confirm that Petitioner suffers from Type II diabetes and hyperthyroidism.

925 F.3d 109, 118 (2d Cir. 2019). The COVID-19 pandemic, which could result in catastrophic health consequences for petitioners vulnerable to infection, implicates all three exceptions justifying the waiver of the exhaustion requirement. *Miller v. United States*, 2020 WL 1814084, at *2 (E.D. Mich. Apr. 9, 2020); *United States v. Zukerman*, 2020 WL 1659880, at *3 (S.D.N.Y. April 3, 2020); *United States v. Perez*, 2020 WL 1456422, at *3–4 (S.D.N.Y. Apr. 1, 2020); *United States v. Gonzalez*, 2020 WL 1536155, at *2 (E.D. Wash. Mar. 31, 2020).

**B. The Compassionate Release Standard**

As amended by the FIRST STEP Act, a court may modify a term of imprisonment on the motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. § 1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified due to the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. § 1B1.13, n. 1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the BOP before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. § 1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the BOP.

4

As such, U.S.S.G. § 1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 2020 WL 2738225, at *4 (E.D. Va. May 26, 2020); *see also United States v. Lisi*, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive"). A petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). In sum, the Court may consider a combination of factors, including but not limited to those listed in U.S.S.G. § 1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

## III. DISCUSSION

### A. The Exhaustion Requirement

The Court finds that Petitioner has exhausted her administrative remedies prior to bringing her motion. On May 11, 2020, Petitioner made a written request for compassionate release to the Warden at FCI Hazelton noting that she is diabetic which puts her at risk for serious illness if she contracts COVID-19. *See* ECF No. 341 at 4–5; ECF No. 352-2. The BOP denied Petitioner's request on May 18, 2020. *See* ECF No. 352 at 7. More than 30 days have passed since Petitioner submitted her request. Therefore, Petitioner's exhaustion requirement is satisfied. However, even if Petitioner did not exhaust her administrative remedies, this Court would waive the exhaustion requirement given the COVID-19 pandemic and the catastrophic health consequences it has for inmates with underlying health conditions. *See United States v. Poulios*, N. 2:09-cr-109, 2020 WL

1922775, at *1 (E.D. Va. April 21, 2020); *United States v. Casey*, No. 4:18-cr-4, 2020 WL 2297184, at *2 (E.D. Va. May 6, 2020); *Miller v. United States*, 2020 WL 1814084, at *2 (E.D. Mich. Apr. 9, 2020); *Zukerman*, 2020 WL 1659880, at *3; *United States v. Perez*, 2020 WL 1456422, at *3–4 (S.D.N.Y. Apr. 1, 2020); *Gonzalez*, 2020 WL 1536155, at *2.

## B. Compassionate Release

The Court now turns to whether Petitioner has set forth extraordinary and compelling reasons to modify her sentence because of the grave risk COVID-19 poses to individuals with underlying health conditions. During the COVID-19 pandemic, federal courts around the country have found that compassionate release is justified under the circumstances. *Zukerman*, 2020 WL 1659880, at *4 *citing Perez*, 2020 WL 1546422, at *4; *United States v. Colvin*, 2020 WL 1613943, *4 (D. Conn. Apr. 2, 2020); *United States v. Rodriguez,* No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020); *United States v. Jepsen,* No. 3:19-CV-00073 (VLB), 2020 WL 1640232, at *5 (D. Conn. Apr. 1, 2020); *Gonzalez*, 2020 WL 1536155, at *3; *United States v. Muniz*, No. 4:09-CR-0199-1, 2020 WL 1540325, at *2 (S.D. Tex. Mar. 30, 2020); *United States v. Campagna*, No. 16 CR. 78-01 (LGS), 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020). Unlike the individuals in the above cases however, Petitioner's circumstances do not warrant her immediate release.

Petitioner's BOP medical records reflect that she suffers from Type II Diabetes and hypothyroidism. According to the Centers for Disease Control and Prevention, individuals with underlying medical conditions, including individuals with diabetes, are at higher risk for severe illness from COVID-19, particularly if these underlying conditions are not well controlled.[4]

---

[4] Centers for Disease Control and Prevention, "Coronavirus Disease 2019 (COVID-19) – People Who are at Higher Risk for Severe Illness," *CDC.gov*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-

Petitioner takes prescribed medication through the BOP to treat her hypothyroidism. ECF No. 353 at 10–11. As of January 2020, Petitioner was prescribed Atorvastatin which is used to control and lower high cholesterol. *Id.* Though Petitioner argues that her prescription for Atorvastatin supports her assertions concerning issues with high cholesterol, high blood pressure, and heart disease, a prescription for Atorvastatin is not always indicative of a more severe condition such as heart disease. [5] In any event, based on the CDC guidelines, the Court finds that Petitioner's underlying medical conditions do put her at higher risk for severe illness if she contracts COVID-19.

However, although Petitioner's underlying medical conditions in the midst of COVID-19 may constitute extraordinary and compelling circumstances, the § 3553(a) factors weigh against Petitioner's compassionate release. *See United States v. Doumas*, No. 13-CR-120 (JMA), 2020 WL 3256734, at *2 (E.D.N.Y. June 16, 2020) (noting that a court may deny a motion for compassionate release if the § 3553(a) factors override what would otherwise be extraordinary and compelling circumstances). The severity of Petitioner's conduct for the instant offense remains the same. Petitioner participated in a large-scale fraudulent scheme that involved making counterfeit versions of cashier's checks and postal money orders from financial institutions, and fraudulently securing the funds. ECF Nos. 95-97, 339. As a result of her involvement in the conspiracy, Petitioner was ordered to pay restitution for $1,294,034.52. ECF No. 161, 163. This is not the first time Petitioner violated the law. Petitioner has prior convictions for Felony Theft, Theft of Property, and Possession of Controlled Substances of Less than One Gram of Methamphetamine. ECF Nos. 339, 351. She also had prior arrests for Theft of Property and issuing worthless checks.

---

risk.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fhcp%2Funderlying-conditions.html

[5] Although high cholesterol may contribute to an increased risk of heart attack, stroke, or other heart complications, a treatment regimen for high cholesterol is often preventative and not necessarily indicative of a more severe condition. *See* Sanjai Sinha, M.D., Atorvastatin, DRUGS.COM (Nov. 1, 2019) https://www.drugs.com/atorvastatin.html

*Id.*

While on pretrial release for the instant offense, Petitioner violated the conditions of her bond supervision by shoplifting and testing positive for methamphetamine on multiple occasions. ECF No. 351 at 1. Thus, Petitioner's prior criminal conduct has been plagued by fraud, theft, and drugs. While Petitioner argues that these are all nonviolent offenses, these offenses have been continuous reflecting a great need for deterrence. *See* ECF No. 19.

Petitioner's conduct in prison is also concerning. While Petitioner has completed several education courses and maintained work assignments, BOP records reflect that Petitioner has been involved in five disciplinary incidents. ECF No. 351. These disciplinary incidents include disruptive conduct, possessing a non-hazardous tool on two occasions, fighting, and exchanging money for contraband. ECF No. 351.

Petitioner's record also reflects drug abuse. She has a prior conviction for possession of drugs and has also used drugs in violation of the conditions of her pretrial release. *Id.* Therefore, the Court finds that Petitioner will substantially benefit from the 500-hour Residential Drug Abuse Program in which she is currently enrolled.

Petitioner is 50 years old. She has served about 36 months out of a 130-month sentence. She requests to be placed on home confinement for the remaining six years of her sentence. But based on Petitioner's past conduct, including her behavior while on pretrial release and conduct in prison, the Court is not confident that Petitioner will follow any conditions of home confinement. The Court finds that Petitioner poses a high risk for recidivism, and therefore poses a danger to the community. Thus, upon consideration of all the § 3553(a) factors, the Court concludes that reducing Petitioner's sentence is inappropriate at this time. *See Doumas*, 2020 WL 3256734, at *3 (denying petitioner's motion for compassionate release because although petitioner had diabetes,

the § 3553(a) factors weighed against granting compassionate release); *United States v. Carter*, No. 18 CR. 390 (PAE), 2020 WL 3051357, at *3 (S.D.N.Y. June 8, 2020)(denying petitioner's motion for compassionate release where the § 3553(a) factors did not justify early release despite extraordinary and compelling reasons); *United States v. Sears*, No. 19-CR-21 (KBJ), 2020 WL 3250717, at *2 (D.D.C. June 16, 2020) (finding that although Petitioner, who suffered from diabetes, hypertension, and asthma demonstrated extraordinary and compelling reasons, the § 3553(a) factors did not justify release). The Court also declines to recommend that the BOP place Petitioner on home confinement.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, and the Federal Bureau of Prisons.

**IT IS SO ORDERED**.

Newport News, Virginia

Raymond A. Jackson

Digitally signed by Raymond A. Jackson
Date: 2020.06.18
17:17:24 -04'00'

UNITED STATES DISTRICT JUDGE